UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20878-BLOOM/Louis

GREAT WHITE NORTH FRANCHISEE
ASSOCIATION-USA, INC.,

      Plaintiff,

v.

TIM HORTONS USA, INC.,
*et al.*,

      Defendants.
_____/

## ORDER REGARDING SUBJECT MATTER JURISDICTION ON LIMITED REMAND

**THIS CAUSE** is before the Court upon limited remand from the United States Court of Appeals for the Eleventh Circuit, ECF No. [99] ("Limited Remand Order"). The Eleventh Circuit remanded the case for the limited purpose of determining whether this Court had subject matter jurisdiction in the first instance. The Court has carefully reviewed the Limited Remand Order, the record in this case, including the parties' supplemental briefs and attachments, ECF Nos. [101], [102], the applicable law, and is otherwise fully advised. For the reasons that follow, the Court concludes that it lacked subject matter jurisdiction upon the filing of the Second Amended Complaint, ECF No. [62].

I.     **PROCEDURAL BACKGROUND**

    A.  **State court and previous federal court cases**

In November 2016, the underlying controversy between the parties commenced in state court when a  Tim Hortons USA, Inc. ("THUSA") franchisee, Picktown Foods, LLC, and related

entities ("Picktown Plaintiffs"), filed a complaint against THUSA.[1] On February 23, 2017, the state court granted THUSA's motion to dismiss based upon the parties' choice of venue provision contained in each of the franchise agreements. *See* ECF No. [101-1]. Thereafter, the Picktown Plaintiffs filed a complaint against THUSA in federal court, seeking a declaration that the subject venue selection clause was void and unenforceable under federal law and public policy. *See* Case No. 17-cv-21072-CMA ("Picktown"), ECF No. [1]. The court granted THUSA's request to dismiss the declaratory claim under the *Rooker-Feldman* doctrine, but ultimately, the case proceeded to resolution upon the Picktown Plaintiffs' other claims previously asserted in state court. Picktown ECF Nos. [28], [34].

Shortly after the court's dismissal of the Picktown Plaintiffs' declaratory relief claim, Plaintiff Great White North Franchisee Association-USA, Inc. ("Plaintiff") was incorporated in Florida.[2] On July 24, 2018, Plaintiff filed suit in Florida state court against THUSA. THUSA again requested dismissal of the case based upon the forum selection clause in the franchise agreements between THUSA and Plaintiffs' members. On December 31, 2019, following a hearing, the state court granted THUSA's request for dismissal, finding the existence of diversity jurisdiction notwithstanding Plaintiff's incorporation in Florida, or in the alternative, "at least sufficient evidence of diversity jurisdiction such that the U.S. District Court for the Southern District of

---

[1] The Court "may take judicial notice of another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted).

[2] *See* ECF No. [101-5]. In accordance with Federal Rule of Evidence 201(c)-(d), a "district court may take judicial notice of certain facts . . . . Public records are among the permissible facts that a district court may consider." *Univ. Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (citations omitted). *See also* Florida Secretary of State, Division of Corporations, http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directi onType=Initial&searchNameOrder=GREATWHITENORTHFRANCHISEEASSOC%20N17000007746 0&aggregateId=domnp-n17000007746-5f03bcee-bd2a-43b6-a6cb-6189441e17fd&searchTerm=Great%20White%20North%20Franchisee&listNameOrder=GREATWHITE NORTHFRANCHISEEASSOC%20N170000077460.

Florida ought to determine the question of jurisdiction . . . ." *See* ECF No. [101-7]. Plaintiff filed

an appeal of the state court's dismissal order to the Third District Court of Appeal ("State Appeal").

On February 27, 2020, Plaintiff filed its Complaint in the instant case, and thereafter on September

3, 2020, Plaintiff filed a notice of voluntary dismissal with prejudice of its State Appeal "when it

became clear that THUSA had no objection to the jurisdictional allegations set forth in the

operative Complaint in [federal] Court." ECF No. [102] at 2-3.

### B.  The instant case

Before this Court, Plaintiff's initial Complaint asserted claims under the civil provisions of

the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*,

and the Sherman Act, 15 U.S.C. § 1, *et seq.*, and claims for illegal tying, breach of contract,

deceptive and unfair trade practices, and breach of franchise agreement under state laws. *See*

*generally* ECF No. [1]. Plaintiff alleged the Court had subject matter jurisdiction pursuant to

federal question under 28 U.S.C. § 1331, or in the alternative, pursuant to diversity under 28 U.S.C.

§ 1332, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). ECF

No. [1] ¶ 6.

On April 16, 2020, Plaintiff filed an Amended Complaint, ECF No. [14], against additional

defendants, and again asserted claims under RICO, the Sherman Act, and Florida state laws. The

Amended Complaint repeated the same bases for jurisdiction as in the Complaint. *See* ECF No.

[14] ¶ 6.

After the Court granted Plaintiff's request for leave to file another amending pleading,

Plaintiff filed its Second Amended Complaint on June 25, 2020. ECF No. [62]. In the Second

Amended Complaint, Plaintiff did not assert federal claims, and represented that the Court could properly exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. [62] ¶ 6.[3]

The case proceeded through briefing of motions to dismiss filed by THUSA and Defendant Jose E. Cil.[4] The Court granted the motions in part, dismissing Plaintiff's claim for per se violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count 1) based on the lack of associational standing, and Plaintiff's FDUTPA claim based on unfair and deceptive practices (Count 2) on the merits. *See* ECF No. [85] ("Omnibus Order"). Plaintiff thereafter filed a notice of appeal of the Court's Omnibus Order, ECF No. [86]. After issuing and receiving responses to a jurisdictional question, the Eleventh Circuit entered its Limited Remand Order. The Court then directed the parties to file supplemental briefing specifically addressing whether jurisdiction in this case exists under this Court's diversity jurisdiction.

## II.     DISCUSSION

The Plaintiff bears the burden of showing that the Court has jurisdiction. *Roberts v. Swearingen*, 358 F. Supp. 3d 1341, 1346 (M.D. Fla. 2019) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936))). In this case, not only does the Second Amended Complaint

---

[3] In the three months between the filing of the Complaint and the Second Amended Complaint, Plaintiff's State Appeal was ongoing. Nearly three months after the filing of the Second Amended Complaint, Plaintiff voluntarily dismissed the State Appeal.

[4] Defendant Cil is not a party to the appeal pending before the Eleventh Circuit. *See* ECF No. [89].

fail to set forth sufficient allegations to establish complete diversity as required, but Plaintiff surprisingly urges the Court to find that jurisdiction is lacking.

### A.  Diversity jurisdiction

Upon review, as the Eleventh Circuit has indicated, Plaintiff's allegations in the Second Amended Complaint regarding its own citizenship were deficient. According to the federal diversity jurisdiction statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). In the Second Amended Complaint, Plaintiff alleged only that "Plaintiff, the Great White North Franchisee Association-USA, Inc., is a not for profit franchisee association with a principal place of business in Bowmansville, New York." ECF No. [62] ¶ 8.[5] The Second Amended Complaint contains no allegations regarding Plaintiff's state of incorporation, which the parties do not dispute is Florida. THUSA is alleged to be incorporated in Delaware, with its principal place of business in Miami, Florida. ECF No. [62] ¶ 11. Thus, even if Plaintiff were to amend the Second Amended Complaint to allege its state of incorporation, the requirement of complete diversity is not satisfied.

### B.  Supplemental jurisdiction

Nevertheless, in its supplemental brief, THUSA first contends that this Court has supplemental jurisdiction over the state law claims asserted in the Second Amended Complaint pursuant to 28 U.S.C. § 1367, based upon the Complaint's and First Amended Complaint's invocation of federal question jurisdiction. THUSA's contention is misplaced. *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1565 (11th Cir. 1994) ("Supplemental jurisdiction is, by its very nature, not original but additional; that is, it relies on the existence of some other original

---

[5] The allegations regarding Plaintiff's citizenship were the same in the Complaint and Amended Complaint, and therefore also insufficient. *See* ECF No. [1] ¶ 8; ECF No. [14] ¶ 8.

basis of jurisdiction."). Here, the Second Amended Complaint, which superseded the previous versions, asserted diversity jurisdiction as the only basis for the Court's original jurisdiction. As such, because Plaintiff abandoned its claims falling within the Court's federal question jurisdiction and the Court in fact lacked diversity jurisdiction, there was no proper basis for the Court to exercise supplemental jurisdiction in this case. *See id*. ("A case may not be brought in federal court on the grounds of supplemental jurisdiction alone. By definition, such jurisdiction must be attached to another basis of jurisdiction.").

The principal case THUSA relies upon, *Hall v. Furest*, is inapposite to the instant case. *Hall* did not involve a consideration of supplemental jurisdiction based upon an amended pleading that no longer contained a basis for the court to exercise original jurisdiction. Rather, in *Hall*, the plaintiffs' complaint originally contained twelve counts, including four RICO claims, and alleged that jurisdiction was proper under both federal question and diversity. No. 02-70625, 2007 WL 2159373, at *1 (E.D. Mich. July 24, 2007). After the court addressed two pre-trial motions, the only claim remaining to be tried was a state law claim. *Id*. at *1-2. The plaintiff in *Hall* did not file an amended pleading and informed the court that subject matter jurisdiction appeared to be lacking based on the dismissal of the federal claims and a belated realization that there was never complete diversity. *Id.* at *3. Upon review, the court determined that, even though it had lacked original jurisdiction at the time of filing the complaint pursuant to diversity jurisdiction due to the absence of complete diversity, it nevertheless had original jurisdiction pursuant to federal question because four of the originally pleaded counts arose under a federal statute. *Id*. Thus, the court determined that it could properly exercise supplemental jurisdiction over the state law claim remaining in the complaint after dismissal of the federal claims notwithstanding the lack of diversity, because it had properly exercised original jurisdiction in the case pursuant to federal question. *Id*. at *3-4.

If this case had proceeded upon the Complaint or Amended Complaint, which asserted federal claims, the Court would agree, as the court in *Hall* determined, that it could properly exercise supplemental jurisdiction over any claims remaining after the dismissal of the federal claims. However, the Court did not dismiss Plaintiff's federal claims here and proceed upon the remaining claims—instead, Plaintiff filed a Second Amended Complaint omitting the federal claims altogether. As pleaded by Plaintiff, the operative Second Amended Complaint no longer contained any claims arising under federal law. As such, there was no basis for the Court to exercise original federal question jurisdiction over the Second Amended Complaint. The only basis pleaded for the Court's original jurisdiction over Plaintiff's claims in the Second Amended Complaint was diversity. However, because complete diversity was lacking, the Court could not properly exercise original jurisdiction with respect to the Second Amended Complaint pursuant to diversity jurisdiction. Unlike in *Hall*, this Court had no other source of original jurisdiction. Therefore, there is no basis for the Court to exercise its supplemental jurisdiction over the claims asserted in the Second Amended Complaint, as THUSA now argues. THUSA has provided no authority, nor has the Court found any, to support the contention that the exercise of supplemental jurisdiction would be proper where, as here, an amended pleading omits the claims that previously vested the court with original jurisdiction.

### C.  Collateral estoppel

THUSA contends that Plaintiff is collaterally estopped from arguing that this Court lacks diversity jurisdiction based on the state court's finding that diversity jurisdiction exists. Moreover, the *Rooker-Feldman* doctrine prevents Plaintiff from using this Court to appeal the state court's decision. While the Court agrees that it would be improper to revisit a state court's finding, the state court made no such finding. In granting THUSA's request for dismissal, the state court opined

that enough evidence of diversity existed, but also stated in the alternative that the federal court should determine the question of diversity jurisdiction. S*ee* ECF No. [101-7]. In any event, the state court may not determine a question of federal jurisdiction that would be binding on this Court in the first instance. "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). As such, THUSA's contentions on this point are not well-taken.

### D.  Sham incorporation

Finally, THUSA urges the Court to disregard Plaintiff's place of incorporation and look to the citizenships of its members to determine, as it contends the state court did, that Plaintiff's incorporation in Florida was a sham designed to defeat jurisdiction. *See id*. at 5, ¶ 7. However, as the Court already noted, the state court made no such finding explicitly. Rather, the state court explained that "the 800-plus members do not reside in Florida. There are no actual franchisees of the establishments in Florida, and the creation of the Florida entity's later part after the creation of the contract shows to me that there is diversity." ECF No. [102-1] at 19. The state court noted further that the information from Plaintiff's corporate filing "coupled with the case law in support of the defendant's position, does lead this Court to rule that there is federal jurisdiction[.]" *Id.* at 22.

Moreover, THUSA overlooks the critical fact that Plaintiff concedes, and THUSA does not dispute, that Plaintiff is incorporated in Florida and is thus a citizen of Florida. THUSA argues

that the Court should disregard this undisputed fact, but does not provide a convincing basis for the Court to do so. THUSA has not argued that Plaintiff could not incorporate in Florida, or that its incorporation was somehow defective. Indeed, Plaintiff incorporated nearly two years before the commencement of this case, and has been consistent before both the state court and this Court that it is a Florida corporation.[6] Nor has THUSA provided any authority to support the contention that it would be proper for the Court to disregard this undisputed fact, where THUSA never raised the issue before this Court.[7] It is a plaintiff's burden to establish jurisdiction. *Kokkonen*, 511 U.S. at 377. Based upon the existing allegation in the Second Amended Complaint regarding Plaintiff's principal place of business and the undisputed fact that Plaintiff was incorporated in Florida, Plaintiff fails to meet its burden of establishing that there was complete diversity at the time of filing the Second Amended Complaint. Therefore, this Court did not have diversity jurisdiction. "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

## III.    CONCLUSION

For the foregoing reasons, the Court determines that upon filing of the Second Amended Complaint, the Court lacked subject matter jurisdiction. As such, the Second Amended Complaint should have been dismissed without prejudice. As a result, any substantive issues remaining in the appeal pending before the Eleventh Circuit would appear to be moot.

---

[6] Plaintiff contends that it was "forced into federal court as a result of the State Court's erroneous decision" to dismiss based upon its determination that federal jurisdiction existed, and that "had THUSA not sought to dismiss the State Court action filed by [Plaintiff] and force the parties into the United States District Court for the Southern District of Florida, this matter would have properly remained in the 11th Judicial District Circuit Court in and for Miami-Dade County." ECF No. [102] at 3, 5.

[7] The Court is cognizant that it is obligated to inquire into its own subject matter jurisdiction whenever it may be lacking. Here, neither Plaintiff nor THUSA raised the issue before this Court, despite Plaintiff's abandonment of its federal claims or THUSA's knowledge of Plaintiff's place of incorporation and argument before the state court that resulted in Plaintiff filing the instant case.

9

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 26, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record